SHEPHERD B. BETSER

*v.*

ELIZABETH BETSER.

*Opinion filed October 19, 1900.*

HUSBAND AND WIFE—*wife may recover for alienation of husband's affections.* A wife may, upon the same grounds and with the same rights as a husband, recover for the loss of her husband's affections against one who has alienated them, where she is permitted by statute to sue without joining with her husband and her separate rights in property are recognized by law, as is the case in Illinois.

*Betser* v. *Betser*, 87 Ill. App. 399, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. JOHN H. MOFFETT, Judge, presiding.

TIPTON & TIPTON, for plaintiff in error.

WELTY & STERLING, and JOHN E. & MAYNE POLLOCK, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Elizabeth Betser and William Louis Betser, called Louis Betser, were married in McLean county, Illinois, on the 26th day of November, 1889, and lived together in that county from that time until about December 28, 1898, when they separated. To the September term, 1899, of the circuit court of McLean county the wife brought this action on the case against Shepherd B. Betser for alienating her husband's affections, by reason whereof he deserted and abandoned her. Shepherd B. and Louis Betser are brothers. The general issue and two special pleas were filed on behalf of the defendant, but demurrer being sustained to the special pleas, a trial by jury was had on the plea of not guilty, alone. The verdict was for the plaintiff, assessing her damages at $3700, on which

judgment was regularly entered. The defendant appealed to the Appellate Court for the Third District, where he, by his counsel, insisted that the circuit court erred in overruling a demurrer to the declaration and in sustaining demurrer to the special pleas; also in the admission and rejection of evidence and the giving and refusing of instructions. Each of these grounds of reversal was overruled and a judgment of affirmance entered, to reverse which this writ of error has been sued out.

The grounds of reversal in this court are stated by counsel to be, first, in holding the declaration stated a cause of action; and second, in holding that the plaintiff could recover damages for loss of *consortium.* In fact, the only question here raised is whether a wife, in this State, has a right of action against a third party for alienating the affections of her husband. Incidentally it is claimed that the plaintiff is barred of her right of action in this case, even if otherwise entitled to maintain it, by a contract between her husband and herself, entered into after the separation. That contract in no sense waived any right of action against the defendant for the loss here sued for, and we deem it unnecessary to add anything on that branch of the case to what has been said by the Appellate Court in its opinion. We also concur in the view of that court, as expressed in its opinion, on the principal question in the case; but as there is some diversity of opinion on the subject, and the case being one of first impression in this court, it is thought proper to give it further consideration.

The authorities uniformly hold that a husband has a right of action at common law for alienating the affections of his wife or enticing her away from him; but the weight of authority, at least in a number of cases decided, holds that the wife cannot maintain a similar action for the loss of the affections or society of her husband. This discrimination against the wife has its origin in the ancient common law doctrine that the husband and wife

are one, that one being the husband and the wife's rights merged in him. That idea has, however, been exploded by the enlightenment of the present age and by legislation.

One of the difficulties which some of the courts find in giving the wife the right to sue in such a case is, that she could only bring the action by joining her husband with her as a party plaintiff. It will be unnecessary to inquire as to the soundness of that decision, it being, as we think, now clearly settled, if not universally held, that where a statute has removed the disability of the wife to sue, vesting in her separate rights in property, she may, on the same grounds and with the same right as her husband, recover for loss of the affections of her husband, against one who has wrongfully deprived her of them. In an extended note to *Clow* v. *Chapman*, reported in 46 Am. St. Rep. 474, it is said: "It has, therefore, been held by State courts other than those of Maine and Wisconsin, that a wife may, without joining her husband, maintain an action to recover damages for the alienation of his affections, and the consequent loss of his society, assistance and support, if, under the statutes of the State under which she prosecutes her action, she is given power to sue for personal wrongs without joining her husband,"— citing a long list of authorities.

Section 1 of chapter 68 of our statutes provides that a married woman may in all cases sue and be sued without joining her husband with her, to the same extent as if she were unmarried. Few, if any, State legislatures in this country have gone further to secure to a wife all of her separate rights without interference on the part of the husband than has the legislature of this State. In Bigelow on Torts, 153, this language is used: "To entice or corrupt the mind and affections of one's consort is a civil wrong, for which the offender is liable to the injured husband or wife. The gist of the action is not the loss of assistance, but the loss of *consortium* of the husband or wife, under which term are included the person's af-

fections, society and aid." In Schouler on Husband and Wife, (sec. 143, p. 171,) and Cooley on Torts, (p. 227,) the doctrine is announced that, except for the fact of coverture, there is no reason why such an action could not be maintained by the wife.

Upon what reasoning it could be held that a loss of the affections of a husband is less real and substantial than the loss of the affections of a wife we cannot perceive. We entertain no doubt that by the clear weight of both reason and authority a wife has, under our statute, precisely the same right of recovery for such a loss as the husband. Under this view of the law, every material controverted fact being found against the plaintiff in error, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*