## Myra A. Smith v. Lydia Gillapp.

### Gen. No. 4,550.

1. ALIENATION OF AFFECTIONS—*married woman may maintain action for.* A cause of action exists in favor of a married woman where the affections of her husband have been wrongfully alienated.

2. ALIENATION OF AFFECTIONS—*what essential to recovery in action for.* In order to recover in an action for alienation of affections it is essential that it be established that such alienation arose, at least in part, through the fault or by reason of the efforts, to that end, of the defendant.

Action on the case for alienation of affections. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed October 25, 1905.

MEESE & SHALLBERG and C. E. DIETZ, for appellant.

GEORGE W. McCASKRIN and S. R. KENWORTHY, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Lydia Gillapp brought this action on the case against Myra A. Smith, formerly Myra A. Skinner, to recover damages for the wrongful act of appellant in alienating the affections of James Gillapp, appellee's husband.

Appellee and James Gillapp were married in May, 1894; they took up their residence for a short time in Freeport, Illinois, from which place they moved to Rock Island. Appellee's husband was a plumber, and when working at his trade was able to earn from $1.50 to $2 per day. In November, 1900, appellee and her husband made a visit to the family of appellant, who lived on a farm some six miles east of Rock Island. Appellant was a widow, aged about thirty-five years. She had three small children, who lived with her on a farm of about forty acres. She had some live stock and was carrying on her farm business by hired help. While appellee and her husband were visiting

at appellant's house an arrangement was made by which appellee's husband was to cut some wood for his own benefit off the land of appellant. Afterwards an agreement was made by which James Gillapp was to remain on the farm and work for appellant at $15 per month and board. Appellee's husband rented a house near by for his family and commenced to make preparations to move his wife to this house. His furniture was brought up from Rock Island and stored in this house, and his wife continued to reside in the house of Mrs. Skinner with him until the house could be put in condition for occupation. Appellee claims that during these few days that she and her husband were at appellant's house she discovered conduct between her husband and appellant that aroused her suspicions. She states that appellant would address her husband in a familiar way and called him "Jim," and he, in turn, called her "Mandy," and that appellant would slap appellee's husband on the shoulder, and they would exchange jokes and appear very familiar. She also says that on one occasion they went away in the evening on some errand and did not return until eleven o'clock at night. Appellee was much displeased with what she saw and went back to Rock Island, saying that she was going on a visit and would return when her husband had the house ready. She did not return, and she and her husband never have lived together since.

Appellee's husband continued to work on the farm for appellant for about fifteen months; about a year after this appellant gave birth to a bastard child, and the evidence is that appellee's husband was present at the time the child was born, and that he put it into a market basket and took it to Freeport before it was twenty-four hours old.

The inference sought to be drawn from these circumstances is that Mrs. Skinner and the husband of appellee were living in a state of adultery, and that he was the father of the illegitimate child, and upon this state of facts the jury returned a verdict in favor of appellee, and assessed her damages at $500.

Smith v. Gillapp.

A motion for a new trial was overruled and judgment rendered upon the verdict, from which this appeal is prosecuted.

The first error assigned is, that the evidence does not warrant the verdict; the second, that appellee cannot maintain a suit for alienating the affections of her husband.

We will consider the second assignment of error first. At common law a married woman could not maintain a suit for alienating the affections of her husband. This proceeded from the principle that in law the husband and wife were one, and the wife's legal identity was merged in that of her husband. This rule of common law has been abrogated by statute and judicial decisions, which have the effect of enlarging the rights of married women, so that now they may sue and be sued in respect to any matter affecting their personal rights or individual property in the same way and to the same extent as an unmarried woman.

Our Supreme Court, in Betser v. Betser, 186 Ill. 537, held that a married woman could maintain an action on the case against the brother of the husband who had persuaded her husband to abandon her and alienated his affections from her. In this case a judgment for $3,700 was affirmed. The same question has been ruled in the same way in Huling v. Huling, 32 App. 519, and in Bassett v. Bassett, 20 App. 543. The case of Bennett v. Bennett, 116 New York 584, is a leading case on this subject in which all the authorities in the United States seem to have been reviewed, and the conclusion is reached by the Supreme Court of that state that the wife can maintain such action. See also Haynes v. Nowlin, 129 Ind. 581; Holmes v. Holmes, 133 Ind. 386.

It thus appears that the right of a wife to maintain such action is no longer an open question. In none of these cases, however, is the question of what it takes to constitute a cause of action on behalf of a wife decided. They simply go to the extent of holding that under a proper state of facts a wife may maintain such action.

The first assignment of error which questions the suf-

ficiency of the evidence to support the verdict is a more serious question. Conceding that upon a proper state of facts a married woman may maintain action against any one who wrongfully alienates the affections of her husband, does the evidence in this case establish a cause of action in favor of appellee? In Whitman v. Egbert, 27 N. Y. App. Div. 374, in discussing what was necessary to sustain such action, it is said: "It was incumbent upon the plaintiff to prove that the defendant was blamable for the plaintiff's husband's infatuation; unless the defendant did or said something with a wilful and wrongful intent to engage his affections and thereby to seduce him from his fidelity to his wife, and unless she was successful in this evil purpose she is not liable. The law imputes to her no evil because of her attractiveness, nor because she may have been pleased with the admiration of the plaintiff's husband." See also on this same question Van Olinda v. Hall, 88 Hun 452; Manwarren v. Mason, 79 Hun 592; Eldredge v. Eldredge, 79 Hun 511; Jaynes v. Jaynes, 39 Hun 40.

It is not enough in such case to prove the fact of appellee's husband being infatuated with appellant, and that in consequence thereof his affections for his wife had grown cold, but it is necessary to show that the person who is charged with wrong was the blamable party, and that she by some act or words had wrongfully and wilfully sought to draw the affections of appellee's husband from appellee to herself, and had succeeded in doing so.

In the case at bar the evidence is very meager respecting any alleged act or word of appellant that could have had an influence in bringing about the supposed infatuation of appellee's husband. Everything in this record may be entirely true, and still appellant may have been innocent of any act or word intended to alienate the affections of appellee's husband. The trifling circumstances testified to by appellee are not sufficient to justify a finding of guilty against appellant. Appellant was a niece of appellee, and this relation may account to some extent for the familiarity about which appellee testifies. The only fact in this record

from which the inference could possibly be drawn that appellant was guilty of any misconduct with appellee's husband is the fact that appellant gave birth to a bastard child within about a year after appellee's husband took up his abode with her. The evidence as to the paternity of this child is wholly circumstantial. Appellant herself denies in the most positive language that she ever did commit adultery with appellee's husband. The evidence at most only raises a suspicion that appellee's husband was the father of the child.

It is shown that in April after this child was born in February, Mrs. Skinner was married to a Mr. Smith, and, so far as the record discloses, is still living with him.

We are of the opinion that the evidence here wholly fails to show a case against appellant within the rule laid down by the New York cases above cited.

The evidence fails to show that appellant was guilty of taking the initiative or in bringing to bear any seductive influence upon appellee's husband.

In the absence of proof of this fact, appellee fails to sustain her declaration; the judgment will be reversed and the cause remanded.

*Reversed and remanded.*