## Dora Golden, Appellee, v. Mary Gartleman, Appellant.

## Gen. No. 15,474.

1. TORTS—*right of action by wife to recover for alienation of husband's affections.* In Illinois a wife may, on the same grounds and with the same rights as a husband, recover for the loss of her husband's affections against one who has alienated them.

2. EVIDENCE—*what not competent in action for alienation of affections.* The general reputation of the defendant for chastity is not competent in an action for alienation of affections.

3. EVIDENCE—*what essential to competency of evidence of good character.* In civil cases where character is in issue, the weight of authority is that evidence of good character should not be received unless the reputation has been attacked by general evidence of bad character.

Action in case. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 3, 1911.

GEORGE S. FOSTER, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In an action on the case by a wife against defendant for alienating the affections of plaintiff's husband, plaintiff had judgment for $1,250, and the defendant appealed. In Illinois a wife may, on the same grounds and with the same rights as a husband, recover for the

loss of her husband's affections against one who has alienated them. Betser v. Betser, 186 Ill. 537.

A husband is entitled to recover substantial damages from one who has committed adultery with his wife, although he proves no resulting expense or loss of services. Shannon v. Swanson, 208 Ill. 52.

On the trial a witness for the defendant, who had testified that she had known defendant fifteen years and had lived near her, was asked by defendant's counsel: "During all the time you have lived in that community did you ever hear any charge against defendant's morality or chastity in any way?" And answered, over the objection of the plaintiff, and without any ruling of the court: "No, I never could tell something bad about Mrs. Gartleman."

We think the testimony was irrelevant and for that reason was properly stricken out. In Crose v. Rutledge, 81 Ill. 266, it was held in a similar action brought by a husband, that the general character of the defendant for chastity was not involved. In Israel v. Brooks, 23 Ill. 526, it was held that evidence of the previous good or bad character of the plaintiff was admissible in an action for malicious prosecution. In the opinion Mr. Justice Breese said: "We know, in no action save criminal prosecutions and actions for defamation, can the character of the party, as a general rule, be inquired into, but in such a case as this there seems to be great propriety in admitting it."

Here the plaintiff offered no evidence tending to show that the character of the defendant for chastity was bad. In civil cases where character is in issue, the weight of authority is that evidence of good character should not be received unless the reputation has been attacked by general evidence of bad character.

The declaration alleged that the defendant committed adultery with plaintiff's husband. We think that on the evidence the jury might properly find that the defendant had committed the act she was alleged to

have committed, and that therefore the verdict cannot be said to be against the evidence.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*