## Lona L. Taylor, Appellee, v. Emma Wilcox, Administratrix, Appellant.

1. DAMAGES, § 175*—*evidence admissible to show pecuniary condition of party.* In an action by a wife for the alienation of her husband's affections, where the plaintiff sought to show the financial condition of defendant for the purpose of increasing punitive damages, *held* that the will of defendant's deceased husband showing defend-

ant was the sole beneficiary and the order of court admitting it to probate were not improperly admitted, but that an affidavit and deposition of subscribing witnesses taken to prove the execution of the will were improperly admitted for the reason they did not tend to prove anything material to the issues.

2. DAMAGES, § 175*—*when inheritance tax appraiser's report inadmissible to show financial condition of party.* In an action by a wife to recover damages for the alienation of her husband's affections, where the plaintiff sought to introduce evidence of the defendant's financial condition for the purpose of increasing punitive damages, the admission in evidence of a report of an inheritance tax appraiser in the estate of the defendant's husband *held* error, where there was nothing in the record of any order of the County Court appointing the appraiser nor any order of the court confirming such report, and the report did not show that notice was given by the appraiser to the defendant.

3. HUSBAND AND WIFE, § 278*—*damages recoverable in suit for alienation of husband's affections.* Although the usual measure of damages for a wife in a suit for alienating her husband's affections is the value of her support and loss of consortium and for mental anguish and injury to her feelings, she is also entitled to recover for the support of children over twelve years of age where the wanton acts of the defendant caused the hardship to be imposed upon her of caring for such children.

4. HUSBAND AND WIFE, § 278*—*when instruction in suit for alienation erroneous.* In an action by a wife for the alienation of her husband's affections, an instruction on question of damages *held* erroneous, in so far as it permitted plaintiff to recover for injury to the good name and character of her family, and for the family's dishonor.

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed May 5, 1914.

C. M. CRAYTON and CHARLES TROUP, for appellant.

A. A. JOHNSON and R. ALLAN STEPHENS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Lona L. Taylor brought this action May 1, 1911, in case against Minnie Stark to recover damages for the alienation of the affections of Simon L. Taylor, the husband of plaintiff. A jury returned a verdict for plaintiff for $2,541.71, on which judgment was rendered. The defendant appealed. After the appeal was perfected the death of appellant was suggested, and the appeal is prosecuted by Emma Wilcox, administratrix of the deceased appellant.

V. H. Stark, the husband of Minnie Stark, died testate November 11, 1911. The case was tried in the Circuit Court in December, 1912. The cause of action is such that if plaintiff is entitled to recover damages then the jury may, because of the wilful and wanton nature of the cause of action, give exemplary or punitive damages. The plaintiff, for the purpose of increasing the damages, undertook, as she then properly might, to prove the financial condition of the parties. The plaintiff offered in evidence, and the court admitted, over the objection of the defendant, the will of V. H. Stark, the deceased husband of defendant, together with the order admitting it to probate, the affidavit of one of the subscribing witnesses and the deposition of the other taken to prove the execution of the will. This will gives all the estate of the testator after the payment of his debts to the defendant. It is insisted that the court erred in the admission of the will, the proof of its execution and the order of court admitting it to probate. There was no error in the admission of the will and its probate for the reason it showed that the defendant was the owner of all the estate of her deceased husband subject to the payment of his debts, but there was no reason for admitting the affidavit and deposition of the subscribing witness; they did not tend to prove anything material to the issues in the case.

Plaintiff, by the probate clerk of Vermilion county, identified, "as a part of the records" of the Probate

Court, a paper purporting to be a report made to the Probate Court of Vermilion county by W. J. Bookwalter, as inheritance tax appraiser in the estate of V. H. Stark. There is not in the record any order made by the court or county judge appointing Bookwalter inheritance tax appraiser, or any order of the county judge or County Court approving or confirming the report, neither does the report show that notice was given by such appraiser to the defendant; it only states that the appraiser "gave notice by mail to all the persons known to have a claim and interest in the property of said estate;" that is simply a statement of a conclusion. The defendant was not a party to the making of the report and she was not concluded by anything in it until she was given notice of the assessment by the county judge and it had been approved by the court. The county judge is required by the statute to assess and fix the value of the estate from the report, and upon his making such assessment notice is required to be given to all parties interested and they may then appeal to the County Court. Until the court had acted on the report it was in the nature of a pleading against her by a third party and its admission was error.

Plaintiff also proved over the objection of defendant that she and her husband had two children, one eleven and the other thirteen years of age, and that since her separation from her husband he had not contributed anything to their support and that she had had the care and custody of the children imposed on her. While the statute provides a remedy against a father for abandoning his children under twelve years of age, it does not contain any provision regarding children over that age. If wanton acts of the defendant caused extra difficulty and hardship to the plaintiff, no good reason is urged why she should not recover for such hardships, although the usual measure of damages for a wife in such cases is the

value of her support and loss of consortium, and for mental anguish and injury to her feelings. 21 Cyc. 1622.

It is also contended that the court erred in giving an instruction that if the jury found for plaintiff, then in assessing her damages the jury had "the right to take into consideration the value of the support which plaintiff has lost, if any, the shame and mortification of plaintiff, if any, the injury to the good name and character of the plaintiff *and her family,* if any, the mental anguish and suffering of plaintiff, if any, and the loss of consortium with her husband, if any, because of the *dishonor to her family.*" We are of the opinion that she was entitled to recover for her own injuries but was not entitled to recover for any injury to the good name and character or the dishonor of her family. *Betser v. Betser,* 186 Ill. 537; *Burnett v. Luttrell,* 52 Ill. App. 19; 21 Cyc. 1622.

The giving of exemplary damages was also impressed on the jury by duplicate instructions on that question. Because of the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*