sixth clause, Elizabeth Selby was the absolute owner of the personal property bequeathed to her; and that by her last will the property passed to Amanda Summers, Selina Clark and Ruth Bigelow, the appellees; and the appellants, under the averments of their bill, had no right to compel the appellees to account. The demurrer to the bill was properly sustained.

And in this view of the matter it becomes unnecessary to discuss other questions raised on this appeal. The decree dismissing the bill is affirmed.

*Decree affirmed.*

## Lz Medearis, Appellant, v. Michael Balenseifen, Appellee.

### Gen. No. 6,345.   (Not to be reported in full.)

Appeal from the Circuit Court of Marshall county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

### Statement of the Case.

Action by Lz Medearis, plaintiff, against Michael Balenseifen, defendant, to recover the sum of two hundred dollars which plaintiff claimed the defendant had agreed to pay him for rebuilding a dam on a part of the farm leased by plaintiff of defendant. From a judgment against plaintiff for costs, upon denial of a motion for new trial, plaintiff appeals.

FRED W. POTTER and BARNES, MAGOON & BLACK, for appellant.

HENRY E. JACOBS, CLARENCE W. HEYL and HARRY C. HEYL, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 253*—*when credibility of is for jury.* The weight of the evidence does not necessarily depend on the number of witnesses, but the matter of the credibility of the witnesses is also involved, and it is for the jury to determine which of the witnesses was more credible or more worthy of belief.

2. APPEAL AND ERROR, § 1411*—*when verdict of jury based on conflicting evidence not disturbed.* Where there is contrariety of evidence on both sides and the facts and circumstances by fair and reasonable intendment will warrant the inferences of the jury, a court of review will rarely, if ever, disturb a verdict, notwithstanding the fact that it may appear to be against the weight of the testimony so far as the number of witnesses is concerned.

3. APPEAL AND ERROR, § 450*—*when improper admission of evidence may not be complained of.* Error cannot be assigned on the ground of the admission of incompetent evidence where the complaining party failed to object to its admission.

4. APPEAL AND ERROR, § 1275*—*when presumed that conduct of counsel was not improper.* In the absence of anything in the record showing improper conduct of counsel, the court is bound to presume that such conduct was not improper and that, if it had been, a record would have been made of it.

5. NEW TRIAL, § 67*—*when not granted on ground of newly-discovered evidence.* A new trial will not be granted on the ground of newly-discovered evidence where the witness by whom such evidence is to be proven was present at the trial and testified on other matters, and no reason is apparent why the party could not by the exercise of proper diligence have ascertained at and before the trial that the witness possessed the knowledge.

6. NEW TRIAL, § 68*—*when not granted on ground of newly-discovered evidence.* A new trial will not be granted on the ground of newly-discovered evidence where such evidence is cumulative.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.