James Chesney and E. L. Chesney, trading as Chesney Sheep Company, Appellees, v. Union Pacific Railway Company, Appellant.

Gen. No. 23,689.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ROBERT E. CROWE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918. Rehearing denied March 18, 1918.

### Statement of the Case.

Action by James Chesney and E. L. Chesney, trading as Chesney Sheep Company, plaintiffs, against the Union Pacific Railway Company, a corporation, defendant, to recover for damage to an interstate shipment of sheep from Altamount, Wyoming, to South Omaha, Nebraska, but diverted by agreement to Chicago, due to negligence of defendant, as initial carrier, en route, consisting of feeding unwholesome hay, unnecessary jolting of cars, unnecessary delays in transit and derailing of cars. From a judgment for plaintiffs for $1,419.37, defendant appeals.

JOHN A. SHEEAN, for appellant.

CHARLES A. BUTLER, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 194*—*when memoranda may be used to refresh memory.* A witness may refresh his memory from memoranda made by him at the time of the occurrences about which he testifies, or from reading therefrom when his memory fails.

2. APPEAL AND ERROR, § 1469*—*when admission in evidence of*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*memoranda used to refresh memory is harmless error.* After memoranda from which a witness refreshes his memory have been proven and used by the witness in testifying, it is not reversible error to admit them in evidence, since the jury can determine by comparing the memoranda with the testimony whether there is any variance.

3. EVIDENCE—*who may testify as to reasonable running time of stock train.* An experienced grazier may testify as to the reasonable running time of train of stock from the point of loading to the destination.

4. EVIDENCE, § 407*—*who may testify as to loss in weight of sheep in transit.* An experienced grazier who knew all about a shipment of sheep from their birth was competent to testify as to the weight of the sheep when they left the pasture and the average loss in weight in transit.

5. CARRIERS, § 248*—*when unreasonable delay in transit causing injury to sheep shown.* In an action against an initial interstate carrier for injury to and partial loss of a shipment of sheep, alleged to be due to the negligence of defendant, evidence *held* sufficient to sustain a finding that there was an unreasonable delay in transit causing damage to the amount of the verdict.

6. APPEAL AND ERROR, § 1401*—*when verdict not disturbed on appeal as contrary to evidence.* A verdict will not be disturbed on appeal as contrary to the evidence where the record discloses proof of a probative force which, if given credence by the jury, is sufficient to sustain the verdict.

7. CARRIERS, § 241*—*when notice of claim of injury to stock timely.* A notice of claim of injury served on the initial carrier within three days after the arrival of a shipment of sheep at the destination and sale, *held* to be timely irrespective of whether it was given before or after the intermingling of the sheep with other stock.

8. CARRIERS, § 188*—*when initial carrier liable for injury to shipment while in charge of connecting carrier.* Under the Carmack Amendment to the Interstate Commerce Act, the initial carrier, despite a change in the destination with its consent, is liable for damage occurring to the shipment while in charge of the connecting carrier en route.

9. INSTRUCTIONS, § 151*—*when properly refused.* It is not error to refuse instructions covered in the main charge.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.