# Margaret Murphy, Appellee, v. Amelia M. Willumsen, Appellant.

## Gen. No. 27,114.

1. APPEAL AND ERROR—*when motion to direct verdict for defendant necessary to preserve question for review.* A motion at the close of all the evidence to direct a verdict for defendant is necessary in a suit at law to preserve for review on appeal the question whether there was any evidence fairly tending to sustain a judgment for plaintiff.

2. HUSBAND AND WIFE—*when instruction in suit for alienation of affections erroneous.* An instruction in a suit for the alienation of the affections of plaintiff's husband was erroneous which stated that, if the conduct of defendant was the controlling cause which induced the husband to leave his wife and if the jury were satisfied that but for the conduct of defendant he would not have left plaintiff, the latter was entitled to recover although there may have been other causes contributing to the same result, as defendant might have conducted herself in the most innocent manner, yet such instruction told the jury that, under the circumstances therein stated, plaintiff would be entitled to recover damages from defendant.

3. HUSBAND AND WIFE—*what proof required in action for alienation of affections.* The rule in an action for the alienation of the affections of plaintiff's husband is that before the defendant must answer for damages it must be proven that she was blamable and that what she did to alienate the husband's affections must have been with a wilful and wrongful intent.

4. HUSBAND AND WIFE—*when instruction in suit for alienation of affections prejudicial.* An instruction in a suit for the alienation of the affections of plaintiff's husband was prejudicial in assuming that the husband left his wife, where there was evidence tending to show that he had up to the time of the trial contributed to the support of his wife and had marital relations with her at intervals.

5. EVIDENCE—*competency of conversations in suit for alienation of affections.* Although certain cases, cited in a suit for alienation of the affections of plaintiff's husband, seemed to support the competency of conversations defendant had with the husband out of plaintiff's presence, which it was claimed would have shown that defendant was attempting to persuade the husband to return to his wife, it was held that the better rule was that such testimony should not be admitted except under the usual rules of evidence.

6. APPEAL AND ERROR—*when exclusion of evidence not prejudicial.* The exclusion of evidence, which the complaining party indirectly got before the jury in substantially her version, was not prejudicial.

7. HUSBAND AND WIFE—*admissibility in suit for alienation of affections of evidence of defendant's financial condition.* Evidence as to the financial condition of the defendant in a suit for alienation of affections was proper; and the objection that defendant inherited her money some seven years before the trial was without force as it could have been shown that she was not worth that much money at the time of the trial, had such been the fact.

Appeal from the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed April 3, 1922.

CHARLES E. ERBSTEIN, for appellant; JOHN B. FRUCHTL, of counsel.

NORMAN A. BECK, for appellee; FRANK P. MIES, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, bringing suit seeking damages for the alleged alienation of her husband's affections by defendant, upon trial by a jury had a verdict for $6,500, from which defendant appeals.

As there must be another trial we shall advert only briefly to the evidence. June, 1917, plaintiff, then an unmarried woman, gave birth to a child and she says Frank Murphy is its father. Plaintiff was married to Frank Murphy December 24, 1917. The evidence also tends to show that for some time previous to this marriage Frank Murphy had been living with a woman named Mildred Collins; that they lived together as man and wife, Mildred Collins assuming the name of Mrs. Murphy. Frank Murphy at the time of the marriage was employed by defendant as an investigator to procure evidence for a divorce from her husband. After the marriage of Frank to Margaret they lived together for about two months and

about March of 1918 Frank left her, apparently returning to live with Mildred Collins, although he would call upon his wife two or three times a week and treated her well and paid her $10 a week for the support of herself and child. Frank Murphy continued to live with Mildred Collins until some time in June, 1918; this was known to Murphy's wife, who called on Mildred Collins and told her she was married to Frank Murphy. Plaintiff knew that defendant, Mrs. Willumsen, was employing her husband. Defendant testified that in April, 1918, Mrs. Murphy called upon her and asked her if she would use her influence to get her husband away from Mildred Collins, and defendant promised she would do her best, and she spoke to him about leaving Mildred Collins and returning to his wife. Subsequently defendant secured a divorce from her husband. Frank Murphy in June, 1918, rented a room from defendant, for which he paid room rent regularly, while he worked in an automobile factory. Defendant was also interrogated as to her financial means and testified that in 1912 and 1913 she received from her father's estate about $38,000.

The entire record leaves us very much in doubt as to whether plaintiff sufficiently proved that defendant was guilty of alienating her husband's affections as charged in the declaration. The affections of Frank Murphy seemed to have been bestowed upon Mildred Collins rather than upon either plaintiff or defendant.

No motion was made at the close of all the evidence to direct a verdict for defendant. This is necessary in a suit at law to preserve for review on appeal the question whether there was any evidence fairly tending to sustain a judgment for plaintiff. *Illinois Southern Ry. Co. v. Hayer*, 225 Ill. 613.

This was a very close case upon the evidence ·and the jury should have been properly instructed. The

court, at the request of plaintiff, gave the following instruction:

"The jury are instructed that if the conduct of the defendant was the controlling cause, which induced the husband to leave his wife, the plaintiff, and if the jury are satisfied that but for the conduct of the defendant he would not have left the plaintiff, plaintiff is entitled to recover, although there may have been other causes contributing to the same result."

This was not a correct statement of the law. Defendant might have conducted herself in the most innocent manner, yet this instruction told the jury that, under the circumstances therein stated, plaintiff would be entitled to recover damages from defendant. The rule is that before a defendant can answer for damages in such an action, it must be proven that she was blamable and that what she did to alienate the husband's affections must have been with a wilful and wrongful intent. *Smith v. Gillapp*, 123 Ill. App. 121. In this case the court quoted with approval from *Whitman v. Egbert*, 27 N. Y. App. Div. 374.

"It was incumbent upon the plaintiff to prove that the defendant was blamable for the plaintiff's husband's infatuation; unless the defendant did or said something with a wilful and wrongful intent to engage his affections and thereby to seduce him from his fidelity to his wife, and unless she was successful in this evil purpose she is not liable. The law imputes to her no evil because of her attractiveness, nor because she may have been pleased with the admiration of the plaintiff's husband."

This instruction was also prejudicial in that it assumed that Murphy left his wife. There was evidence tending to show that Murphy, up to the time of the trial, contributed to the support of his wife and had marital relations with her at intervals.

It is said that the court erroneously refused to allow defendant to testify to a conversation she had with Murphy out of the presence of the plaintiff. It

was argued that such evidence would have shown that defendant was attempting to persuade Murphy to return to his wife. The competency of such evidence seems to be supported in *Bailey v. Bailey,* 94 Iowa 598, and in *Scott v. O'Brien,* 129 Ky. 1. We are referred to no other decided cases touching upon this question, and we have not found any other comment on this point either in the textbooks or reports. Ordinarily the admission of such testimony would violate the rule against self-serving declarations and if permitted, as an exception, would give the defendant a great advantage in building up a defense based upon conversations with another party which it would be impossible for the plaintiff to contradict. We think the better rule is that such testimony should not be admitted except under the usual rules of evidence.

Another reason why the ruling of the trial court upon this point in the instant case is not prejudicial is that defendant indirectly got before the jury substantially her version of what she had said to Murphy.

Evidence as to the financial condition of the defendant was admissible. *Taylor v. Wilcox,* 188 Ill. App. 18. It is no objection that she inherited the money some seven years before the trial. It could be shown that she was not worth this much money at the time of the trial, if such was the fact.

For the reason above indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

DEVER, P. J., and MATCHETT, J., concur.