**Joseph Rogers, Appellee, v. Clinton Smith, Appellant.**

1. APPEAL AND ERROR—*conclusiveness of verdict based on conflicting evidence.* A verdict for plaintiff for damages for alienation of his wife's affections will not be reversed as against the weight of evidence where the evidence is conflicting and there is sufficient evidence to fully warrant the jury in finding for plaintiff.

2. HUSBAND AND WIFE—*excessiveness of verdict for alienating affections.* A verdict of $7,500 reduced to $6,000 by remittitur is not excessive for alienating plaintiff's wife's affections, especially where, under the pleadings and evidence, plaintiff has a right to recover exemplary or punitive damages.

Appeal by defendant from the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922. *Certiorari* denied by Supreme Court (making opinion final).

VAUSE & KIGER, for appellant.

CHARLES C. LEE, EDWARD C. CRAIG, DONALD B. CRAIG and FRED H. KELLY, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought by Joseph Rogers, the appellee, in the circuit court of Coles county, to recover damages from the appellant, Clinton Smith, for alienating his wife's affections. The trial of the cause resulted in a verdict for appellee, assessing his damages at $7,500. The appellant made a motion for a new trial, and the appellee entered a remittitur of $1,500. The motion for new trial was thereupon denied, and judgment for $6,000 was entered against the appellant, from which this appeal is prosecuted. The principal grounds urged for reversal of the judgment are that the verdict is contrary to the weight of the evidence, and that the amount of damages recovered is excessive. Concerning the first contention, it may be said, that "where there is contrariety of evidence on both sides and the facts and circumstances by fair and reasonable intendment will warrant the inference of the jury, a court of review will rarely, if ever, disturb a verdict, even though it may appear to be against the weight of the testimony, so far as the number of witnesses is concerned." *Medearis v. Balenseifen*, 205 Ill. App. 142; *Chesney v. Union Pac. Ry. Co.*, 209 Ill. App. 494. In this case the jury were fully warranted from the evidence in the conclusions which they reached concerning the guilt of the appellant, and, under these circumstances, this court would not be justified in disturbing the judgment on the ground contended for. Nor can we agree to the contention of appellant that the amount of damages should be regarded as excessive. "Courts have frequently been called on to determine whether the damages awarded for alienation of a spouse's affections were excessive or not; and it may be stated as a general rule that courts will seldom interfere with a finding of the jury in actions for criminal conversation or alienation of affections of a spouse, for the reason that there is no method of determining exactly the proper pecuniary damages which should be awarded."

13 R. C. L. 1483, sec. 533. This is especially true of this case since under the pleadings and evidence the appellee had a right to recover exemplary or punitive damages. *Consolidated Coal Co. of St. Louis v. Haenni,* 146 Ill. 614; *Taylor v. Wilcox,* 188 Ill. App. 18; *Browning v. Jones,* 52 Ill. App. 597. The record does not disclose any reversible error and judgment is therefore affirmed.

*Affirmed.*